## THE STATE v. SCOTT, *Appellant.*

### DIVISION TWO.

1. **Burglary and Larceny:** RECENT POSSESSION OF STOLEN PROP-
ERTY. The possession of stolen property, sufficient to raise a
presumption of guilt in the possessor, must have been recent, unex-
plained and exclusive.

2. ————: SECOND-HAND POSSESSION. A second-hand possession, how-
ever recent, is not sufficient.

3. **Criminal Practice:** INSTRUCTIONS: REFERENCE TO PLEADINGS.
While the jury should not be referred to the pleadings in a civil or
criminal case to ascertain the issues to be passed on, such rule is
not violated where the court' states the facts necessary to be found
in order to warrant a conviction, and adds thereto the words, "as
charged in the indictment," or the like.

4. **Burglary from Dwelling:** VALUE OF PROPERTY. Where the
evidence shows without contradiction that the property was stolen in
a dwelling-house, it is unnecessary to instruct the jury as to its value.

5. **Criminal Practice:** "FELONIOUSLY:" INSTRUCTION. The word
"feloniously" is but descriptive of the grade of the offense, and
need not be used, or, if used, need not be explained in an instruc-
tion.

*Appeal from Cooper Circuit Court.*—HON. E. L.
EDWARDS, Judge.

REVERSED AND REMANDED.

*D. W. Shackleford* and *Draffen & Williams* for
appellant.

*John M. Wood,* Attorney General, for the State.

(1) No exceptions were saved to the admission or
rejection of testimony. (2) The instructions properly
declared the law, and the conviction was proper, for
if there was a larceny committed at all it was a larceny

in a dwelling-house, and grand larceny, irrespective of the value of the property stolen. R. S. 1889, sec. 3537; *State v. Ramelsburg*, 30 Mo. 26; *State v. Butterfield*, 75 Mo. 297; *State v. Brown*, 75 Mo. 317; *State v. Kennedy*, 88 Mo. 341. (3) There is nothing to show that the juror, J. D. McCutcheon, was incapacitated, by reason of sickness, from understanding the evidence and the argument in the case; but, on the contrary, it was shown that he was able to resume, and did resume, his place in the jury box the next morning. (4) The record shows that the defendant consented to the separation of the jury.

MACFARLANE, J.—Defendant was indicted by a grand jury of Cooper county of burglary and larceny. Under the indictment he was tried and convicted of grand larceny and sentenced to four years' imprisonment in the state penitentiary. From this judgment he has appealed.

Defendant was accused, under the indictment, of breaking into the dwelling-house of one Henry McPherson, by opening a window, and stealing therefrom an overcoat worth $50, and a suit of clothes worth $40, the property of Chas. T. Perry; and one suit of clothes of the value of $25, the property of Celsus Perry.

Upon the trial the evidence tended to prove that in June, 1889, Charles Perry was boarding at the residence of Henry McPherson in the city of Boonville; that several suits of clothes hanging in a closet were stolen at night, and the parlor window was found open the next morning, though it had been closed the night before. About July 11 thereafter a part of this clothing was found in a pile of ties several miles south of Boonville by some parties who were engaged in threshing near by. Defendant was at work with this threshing

party and had been for several days, but was not present when the clothes were found. The clothes were very dirty, and were left by these persons where they were found. Afterwards defendant brought the clothes to Boonville, had them cleaned and used them. Defendant's house was searched, and all the clothing found in the house belonging to Perry was identified as the clothing discovered in the tie pile, except a pair of striped pants and a black coat. These were identified as clothes belonging to Perry and taken from McPherson's house. There was some conflict in the evidence as to whether this coat and pair of pants were in the tie pile.

The court gave the jury the following instruction in behalf of the state: "If the jury believe from the evidence that at about the time mentioned in the indictment some one did feloniously and burglariously break into and enter the dwelling-house of one Henry McPherson, as charged in the indictment, and did then and there feloniously and burglariously steal, take and carry away the goods as mentioned in the indictment, and that recently thereafter the same property or any part thereof was found in the possession of the defendant, then the law presumes that the defendant is guilty of both the burglary and the larceny, and, if he has failed to account for his possession of said property in a manner consistent with his innocence, this presumption becomes conclusive against him."

Several objections are made to this instruction.

I. It is insisted in the first place that the evidence of the possession of the stolen goods by defendant was insufficient to raise a presumption that he was guilty of stealing them. The rule is well settled that the possession of stolen goods which will be sufficient to raise a presumption of guilt in the possessor must have been

" recent, unexplained and exclusive." *State v. Castor*, 93 Mo. 244; Wharton on Criminal Evidence [8 Ed.] sec. 758.

A desire of dishonest acquisition and gain is the usual motive for theft. If property is stolen for gain the thief will naturally retain possession, at least for a time, and until some disposition can be made of it. Upon these human characteristics is built the presumption that the party, in whose possession stolen property is found, is guilty of the theft, unless he can account for such possession in a manner consistent with his innocence. *State v. Kelley*, 73 Mo. 611, and authorities cited.

It is manifest then that the possession necessary to raise the presumption must have been exclusive of a previous possession of all others. In other words a second-hand possession, however recent, will not create the presumption of guilt. *State v. Warford*, 106 Mo. 55. When the presumption is thus raised the burden of showing the honesty of the possession is cast upon the defendant. *State v. Kelley, supra;* 1 Greenleaf on Evidence, sec. 33.

The property, or most of it, was found in a pile of ties, three or four miles from defendant's residence, and no previous possession of it by defendant was shown. Defendant testified that he took the clothing from this place, and had no previous possession or knowledge of it. According to the foregoing principles we do not think such possession was shown to that part of the property, found concealed, as was necessary in order to create a presumption of guilt. A proper distinction should have been made, in the instruction, between the possession of this part of the stolen property, and such, if any there was, as was not found concealed. We think the instruction standing alone misleading and improper under the evidence.

At the request of the defendant the court gave these instructions: "If the jury find from the evidence that the clothing mentioned in the indictment was found in the tie pile mentioned in the evidence by the witness Oak, then the defendant was not in possession of said clothing, unless the jury shall further find from the evidence that said clothing was put in said tie pile by the defendant or procured to be put there.

"Unless the jury shall find from the evidence, beyond a reasonable doubt, that some of the clothing mentioned in the indictment was not found in the tie pile mentioned in evidence, then there is no evidence of defendant's guilt, and the jury must acquit him, unless the jury shall further find that the defendant put such clothing in said tie pile, or procured said clothing to be put there."

It is insisted by the attorney general that these instructions sufficiently qualify the one of which complaint is made, to render the errors harmless. These three instructions taken together declare this proposition: If the stolen goods were concealed in the pile of ties by defendant himself, or by his procurement, and were afterwards found in his possession, then the law raised a presumption that he was guilty of both burglary and larceny. The proposition is well enough, but the presumption rests entirely upon the possession of defendant when concealing the goods, and is not, in the least, strengthened by his subsequent possession. Now there is not a particle of direct testimony that the stolen goods were placed in the tie pile by defendant or by his procurement. The only circumstance consists in the fact that he afterwards took them into his exclusive possession. So the subsequent possession is taken to prove the prior possession, upon which the presumption of guilt is raised. A presumption of the commission of a felony, which may become conclusive, is thus

built upon a mere inference, and not upon established facts. We do not think that, under the evidence, such possession was shown as justified the instructions given. The evidence tended to prove guilt, but was not sufficient to create its presumption.

II. Defendant insists that it was improper to tell the jury, as was done in this instruction, that if some one did feloniously and burglariously break into and enter the dwelling-house of one Henry McPherson, "as charged in the indictment," and did take, steal and carry away the goods "as mentioned in the indictment," for the reason that the jury should not be referred to the indictment to determine what they must find in order to justify a conviction. It is true, as a rule, that the jury should not be referred to the pleadings in civil, or the indictment in criminal, cases to ascertain the issues they are to pass upon. We do not think the court did so in this instruction. It directed what facts were to be found in order to convict, and the addition thereto of the words "as charged in the indictment" were not prejudicial.

There was no issue made on the description of the goods that were charged in the indictment to have been stolen, or variance between the allegations and the proof in respect to their identity. In such case the goods could well be referred to in the instruction as those "mentioned in the indictment" without again describing them, and no prejudice could possibly result.

III. The evidence shows without contradiction that the clothing was stolen in a dwelling-house and under section 1309, Revised Statutes, 1879, stealing in a dwelling-house was grand larceny, regardless of the value of the property stolen. The value of the property being immaterial there was no need to instruct the jury on that question. *State v. Castor, supra; State v. Ramelsburg*, 30 Mo. 26; *State v. Butterfield*, 75 Mo. 305.

IV. · In the last ·place defendant complains that the technical word "feloniously" was used in the instruction, and its meaning was not properly explained to the jury.

It may be said generally that instructions should be given in plain language, and the use of technical words avoided as far as possible. When such words are used and their meaning may not be readily comprehended by unprofessional persons, and it appears from the whole case made that the jury may possibly misapply them to the prejudice of the defendant, they should be properly defined.

The word "felonious" is descriptive of the grade of the offense, rather than the criminal act which constitutes the offense, and ordinarily has no place in an instruction. When used it is most frequently but a repetition of what is expressed in other and simpler words. In such case it is hardly possible that the accused could be prejudiced by the use of the word. So, in the instruction complained· of here, the word "feloniously" scarcely has a definable meaning, as used, and could have been altogether omitted without affecting, in the least, the correctness and sufficiency of the instruction.

For the error in declaring the presumption of guilt from the recent possession of the stolen property, the judgment is reversed and cause remanded. All concur.