STATE of Missouri, Respondent,

v.

Carl Dean KNOX, Appellant.

No. 46885.

Supreme Court of Missouri, Division No. 1.

Feb. 9, 1959.

Charles E. Wells, St. Louis, for appellant.

John M. Dalton, Atty. Gen., James B. Slusher, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

A jury convicted Carl Knox of robbery in the first degree by means of a dangerous and deadly weapon. He has appealed from the judgment sentencing him to eighteen years in the state penitentiary. Sections 560.120 and 560.135 RSMo 1949, 41 V.A. M.S. pp. 68 and 102.

Inasmuch as Knox, hereinafter called defendant, has filed no appellate brief, we look to the averments of his new trial motion. Assignments 1 and 2, which are that the verdict is against the evidence, against the weight of the evidence, and against the law under the evidence, and that the verdict was for the wrong party, are too general to preserve any contention of error for review. State v. Kelton, Mo., 299 S.W.2d 493, 495 [2]; State v. Kollenborn, Mo., 304 S.W.2d 855, 864 [13].

The other two assignments in the motion relate to alleged errors of the trial court in admitting and excluding evidence.

There was evidence from which a jury reasonably could have found that on November 12, 1957, defendant entered a place of business at Delmar and Taylor in St. Louis, owned and operated by John Farris, and, while pointing a pistol at Farris, took from his person $200 in cash, a sum of money from the cash register, some pistols,

a revolver, and a topcoat, all Farris' property, and left the premises therewith. Within a short time defendant was apprehended. On his person was $200 in the same denominations as the $200 shortly theretofore taken from the person of Farris, and some of the other articles taken were found in defendant's basement.

Defendant testified in his own behalf, denied the robbery, and contended that he was either at his home (in the neighborhood of the robbery victim's place of business) or traveling to or from a neighborhood store at the time the robbery had been committed.

New trial assignment 3 is that the trial court erred "in permitting police officers who arrested the defendant to testify that they recovered two guns, a top-coat, jacket and hat from the basement at 4407 West Belle Avenue, which was open to the public and said basement was used by persons other than the defendant, and there was no evidence that these articles had been placed there by the defendant."

There was evidence that police officers who had been advised of the robbery were cruising the neighborhood in a police car when they saw defendant run through a gangway adjacent to, and running from the street to the rear of, 4407 West Belle (which was admittedly defendant's home), at which time defendant was wearing a grey topcoat and a hat, and that shortly thereafter defendant emerged from that gangway where he was apprehended and arrested. Immediately thereafter police officers found in the basement of 4407 West Belle the grey topcoat which had been taken in the robbery and which defendant was wearing as he ran through the gangway, the cap which defendant had been wearing when he ran through the gangway, a jacket which defendant had worn at the time of the robbery, a revolver which had been taken from the victim's store, and a pistol which was identified as similar to the one used by defendant when he took the items from the person and premises of the robbery victim.

Not only was there no proper objection at the trial to the introduction in evidence of the items found by the police in defendant's basement and mentioned in defendant's motion for new trial, or to the testimony concerning them, but it is apparent from the foregoing fact statement that those items and the testimony concerning them were clearly admissible and defendant's contention to the contrary is wholly devoid of merit.

The remaining assignment in the motion for new trial is that the trial court erred in refusing to permit defendant "to testify that he requested the police officers who arrested him to test the guns recovered from the basement of the house at 4407 West Belle Avenue for finger-prints and that he be allowed to take a lie-detector test to prove his innocence." The record does not support the assignment. Defendant was permitted to show by the testimony of the police officers that they did not examine either gun found in defendant's basement for fingerprints, although they often did examine guns and other articles for fingerprints as part of their investigations, and defendant was permitted to answer the only question asked him with reference to fingerprints and he answered, in substance, that he had asked the officers to examine the guns for fingerprints and had told them they would not find his there, and that the officers had answered that it would not be necessary to examine for fingerprints. Further, we find no place in the record where defendant was not permitted to testify concerning his request to police officers to examine the gun for fingerprints.

The only reference we find in the record to a lie detector test is this question by defendant's counsel, addressed to defendant, this objection by the state, and this ruling by the court:

"Q. * * * And after you were accused of this crime did you also take the lie detector test?

"\* \* \* I am going to object to that your Honor. That would be inadmissible.

"\* \* \* Objection sustained."

It is apparent that the foregoing does not support the new trial assignment that the court did not permit defendant to testify "that he requested the police officers who arrested him \* \* \* that he be allowed to take a lie-detector test to prove his innocence."

We have examined those record matters which are reviewable irrespective of whether they are properly preserved and find no error therein prejudicial to defendant.

The judgment is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.