**STATE of Missouri, Respondent,**

v.

**Edgar Lee HOWE, Alias Mike Howe, Alias Robert Anthony Beatty, Appellant.**

No. 48244.

Supreme Court of Missouri,

Division No. 1.

Feb. 13, 1961.

Gene P. Graham, Independence, for appellant.

John M. Dalton, Atty. Gen., Robert T. Donnelly, Sp. Asst. Atty. Gen., for respondent.

HYDE, Judge.

Defendant was convicted of first degree robbery (Sections 560.120 and 560.-135) having also been charged under the Habitual Criminal Act. Sec. 556.280, as amended Laws 1959, S.B. No. 117, Sec. 1; statutory references are to RSMo and V.A. M.S. After a jury verdict of guilty, the court, having found previous convictions, sentenced defendant to seven years' imprisonment. Defendant has appealed but has filed no brief so we consider the assignments properly made in his motion for new trial.

However, the State says the appeal should be dismissed claiming the notice of appeal was not timely filed as required by Supreme Court Rules 28.03, 82.04 and 82.-05, V.A.M.R. Judgment and sentence was on April 4, 1960. The copy of the notice of appeal sent to this court is dated April 11, 1960, but shows no file stamp date of the Circuit Clerk, and it is stated this is also true of the original notice in the Circuit Clerk's office. Nevertheless defendant's application to appeal as a poor person was allowed by order of the Circuit Court entered April 20, 1960. The transcript of the record was prepared by the court reporter

and filed here July 14, 1960. Upon these facts, we have made a special order under Rule 28.07 for filing notice of appeal, and, therefore, will consider the appeal perfected and determine the grounds stated in defendant's motion for new trial.

■ Defendant does not claim that he was entitled to a directed verdict (and made no such request in the trial court) but raises (assignment 3) only the weight of the evidence, which is a matter for the trial court and preserves nothing for appellate review. See State v. Pruett, No. 47,-889, Mo., 342 S.W.2d 943 and cases therein cited. Therefore, a brief statement of the facts shown by the evidence will be sufficient for consideration of defendant's other grounds. (Assignments 1 and 2.)

The State's evidence showed that on November 10, 1959, Harold Gene Shelton, in charge of Hill Brothers Shoe Store, in Kansas City, and Mrs. Teresa Tryon, cashier, were held up by a man with a gun, who had been in the store earlier that evening and had bought a pair of shoes, but had come back shortly before closing time. The robber took their billfolds and the money from the cash register. They both identified defendant as the robber, first picking out his pictures from others at the police department, then identifying him in the lineup after his arrest and at the trial. They also identified a red leather cap (Exhibit 1) as looking like the cap the robber was wearing. This cap had been brought from Paola, Kansas, where defendant was arrested, by a Kansas City officer who brought defendant to Kansas City. This officer said defendant told him it was his cap. Another officer said defendant thereafter admitted to him that he had committed the robbery. The defense was alibi; defendant had six witnesses who testified he was in the community where they lived, Valley City, north of Knob Noster, about 60 miles from Kansas City.

■ Assignment 1 alleges error in admitting into evidence Exhibit 2 (a cash register receipt from Hill Brothers Store No. 4, dated November 10, 1959) and Exhibit 3 (a notice of telegram, dated November 11, 1959) saying: "No testimony was ever introduced showing that the defendant had lived at the address where said exhibits were found." These two exhibits were found by R. A. Wells, a police officer, on November 15, 1959, in an apartment on Main Street where he went to look for defendant after his pictures had been identified by Shelton and Mrs. Tryon. The apartment was found vacant and unfurnished. However, it was shown that defendant had made an application to A. F. Ruppel, district sales manager of the J. R. Watkins Co., to be a salesman, using the name of Robert Anthony Beatty; that Ruppel had sent him a telegram on November 11, 1959, at the Main Street address he had given; and that defendant did go to the Watkins Company office on November 12, 1959, and picked up merchandise issued to him for sale at retail. Officer Wells found in the apartment "a notification from the Western Union Telegram Company that a Robert Beatty had a telegram waiting for him at 1015 East 31st Street," dated November 11, 1959 (Exhibit 3). He also found the cash register receipt (Exhibit 2) which was identified by Shelton and Mrs. Tryon by its markings as being made by the cash register in their store and showing the amount and character of the purchase of shoes made by defendant on his first visit to the store on the evening of the robbery. The fact that this receipt was found at the address to which the telegram was sent to defendant (together with defendant's response to the telegram) sufficiently identified these exhibits with defendant and therefore we hold they were relevant and material to connect defendant with the robbery. See State v. Pruett, No. 47,889, Mo., 342 S.W. 2d 943 and cases therein cited. The objection made when these exhibits were offered in evidence was: "There has been no foundation laid for their introduction." We hold there was a sufficient foundation

and that there was no error in admitting them.

 Assignment 2 alleges error in giving Instruction 4, concerning alibi. This instruction was as follows: "The Court instructs the jury that if there is any evidence before you that raises in your minds a reasonable doubt as to the presence of the defendant at the time and place where the crime is charged to have been committed (if you find a crime was committed), you will acquit the defendant." Defendant's motion says: "The objected wording in said instruction gave the jury a prerogative of deciding whether there was evidence that defendant was not at the scene of the crime at the time it was alleged to have been committed. There could have been no such question for the jury to decide, inasmuch as there was evidence established by a total of six witnesses that defendant was not at the scene of the crime at the time the crime was committed. Said instruction tends to greatly weaken, and to cast doubt upon the evidence offered by defendant to establish his alibi." Instructions exactly the same as this have been approved in previous cases. The most recent is State v. Daegele, Mo.Sup., 302 S.W.2d 20, 26, where the defendant likewise complained of the words "if there is any evidence". However, the instruction must be read and considered as a whole and so considered it tells the jury to acquit "if there is any evidence * * * that raises in your minds a reasonable doubt as to the presence of the defendant etc." Thus it submits to the jury the effect or credibility of the evidence of alibi. For other cases approving this instruction see State v. Berkowitz, 325 Mo. 519, 29 S.W.2d 150, 155, and cases therein cited. Furthermore Instruction 1 affirmatively required a finding beyond a reasonable doubt that defendant was present at the time and place and did use a revolver to take the money from Shelton. Instruction 3 stated the presumption of innocence and required an acquittal "unless the evidence in the case, taken as a whole, satisfies you of defendant's guilt

beyond a reasonable doubt." Considering the whole submission, we hold there was no prejudicial error in giving Instruction 4. However, when a defense of alibi is made, the situation might be made clearer by giving instructions such as those approved in State v. Williams, 309 Mo. 155, 274 S.W. 427, 435; State v. Hillebrand, 285 Mo. 290, 296, 225 S.W. 1006; and State v. Bonner, 259 Mo. 342, 348, 168 S.W. 591. We have examined the record as required by Rule 28.02 and find no error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed.

All concur.