**STATE of Missouri, Respondent,**

v.

**Raymond Carrol PRUETT, Appellant.**

**No. 47889.**

Supreme Court of Missouri,

Division No. 1.

Feb. 13, 1961.

Joseph M. Settich, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Richard Farrington, Sp. Asst. Atty. Gen., for respondent.

HYDE, Judge.

Defendant was convicted of first degree robbery by means of a dangerous and deadly weapon (Sec. 560.120) and sentenced to life imprisonment under the Habitual Crim-

inal Act. Sec. 556.280, statutory references are to RSMo and V.A.M.S. Trial and verdict were before the effective date of the 1959 amendment of 556.280. Defendant has appealed but has filed no brief so we consider the assignments properly made in his motion for new trial.

■ Defendant raises the question of the sufficiency of the evidence to make a case (Assignments 13, 14) claiming the court erred in overruling his motions for acquittal. A statement of the facts shown by the State's evidence shows there is no merit in this contention. (Of course, defendant's motion at the close of the State's evidence was waived by defendant's introduction of evidence, State v. Statler, Mo. Sup., 331 S.W.2d 526, 528.) It was shown that two men, identified as defendant and Kenneth Wade (indicted with defendant but severance granted), came in the front door of the Paramont Sandwich Shop, 4032 South Broadway, St. Louis, about 12:20 a. m., March 11, 1959; that defendant holding a blue steel, white handled revolver in his hand announced "this is a stick-up"; that Wade jumped over the counter, opened the cash register, put its contents in a sack and then took wallets from three men seated at the counter. The men had nylon stocking masks over their faces and over their eyes something that looked like sun glasses or a mask of some sort. The police immediately were called and given a description of the robbers and their apparel. Two hours later, at the police station, the counterman Baughman and one of the customers, Sweeney, identified defendant as the man with the revolver at the holdup, by his height, size, voice, build and clothes. Policemen in a patrol car, about 1:30 a. m., had seen defendant and Wade in the back seat of an automobile on North Broadway, driven by its owner with a companion in the front seat with him. Stopping the car, searching it and seeing that defendant and Wade fit the description of the men in the holdup, given in a police broadcast, they arrested them and took them to the police station

with certain articles hereinafter described (admitted in evidence at the trial) seen at the holdup or identified with it. Apparently defendant's claim for a directed verdict is based on his view that identification of him and the articles in evidence was based on claimed insufficient opportunity for observation and doubt cast by cross-examination. Defendant denied taking part in the robbery but admitted that he was with Wade both before and after the time it occurred. However, the identification of defendant was positive, by both Baughman and Sweeney, and was supported by strong circumstantial and other evidence, including switching overcoats with another prisoner at the police station by defendant before he went into the line-up to be viewed by those present at the robbery. We hold this was a matter of credibility for the jury and that the court correctly refused a directed verdict.

■ Assignments 1 to 12 allege error "in accepting into evidence" twelve State's exhibits each on the stated grounds that "no proper foundation was laid, nor was the Exhibit properly connected with the defendant, to permit its introduction and it was therefore irrelevant and immaterial; it had not been properly identified." Among these were a blue steel 32-caliber revolver with white plastic handle, an Ivy League cap with a red stripe, nylon stockings cut and tied in knots to fit over the head, two rolls of nickels wrapped in paper wrappers, a pair of light tan leather gloves, six cartridges from the revolver, and the bottom of a woman's nylon stocking, all of which were found in the car in which the police found defendant after the robbery. Other exhibits were the overcoat defendant was wearing when arrested, two sets of sun glasses, one found in the car and one in defendant's pocket at the police station, the jacket worn by Wade when arrested, and money and currency in Wade's pocket when arrested. These exhibits were identified either by Baughman or Sweeney or both at the police station two hours after the robbery as being the same

or similar to those seen at the robbery. (The revolver, stocking masks and sun glasses, the cap and overcoat worn by defendant and the gloves and jacket worn by Wade.) The wrapping on the rolls of nickels was the same as used in the Sandwich Shop; the money (quarters and half dollars) and the one-dollar bills found in Wade's pocket were the amounts and denominations missing from the cash register after the robbery. Sweeney had a two-dollar bill in his billfold, taken from him in the robbery, which had one corner torn off and such a bill in that condition was found in Wade's pocket. Sweeney said he got the bill in change from a waitress at the Sandwich Shop (who had left before the robbery) who tore off the corner when she gave it to him, saying it was "good luck" to thus tear a corner off of a two-dollar bill. He said his bill had the same corner torn off as the one found on Wade. All these exhibits were initialed that night at the police station and were further identified at the trial by these initials. After careful consideration of the testimony of these witnesses, our conclusion is that these exhibits were sufficiently identified as connected with defendant and the robbery and were relevant and material. See State v. Miller, 364 Mo. 320, 261 S.W.2d 103, 106, 107; State v. Johnson, Mo.Sup., 286 S.W.2d 787, 792; State v. Thompson, Mo. Sup., 299 S.W.2d 468, 472; State v. Knox, Mo.Sup., 320 S.W.2d 592, 593; see also State v. Lunsford, Mo.Sup., 338 S.W.2d 868, 872, and cases cited 873. We therefore hold there was no error in admitting them in evidence.

■ Assignment 15 alleges error in overruling defendant's motion to suppress evidence, namely the pair of sun glasses found in defendant's pocket when he was searched at the police station. The motion stated the glasses were obtained by unlawful search and seizure before defendant's arrest. However, all the evidence showed that defendant was arrested on North Broadway, when found in the car owned by the driver Gower (not involved in the robbery) after the police saw defendant and Wade fit the police broadcast description of the Sandwich Shop robbers and saw articles connected with the robbery in the car; and that the sun glasses were found in defendant's pocket when he was searched later after he was taken to the police station. "When a person has been lawfully arrested, the officers may take from him articles of evidentiary value without violation of the constitutional guaranty against unreasonable searches and seizures." State v. Cantrell, Mo.Sup., 310 S.W.2d 866, 869, 870. Following the Cantrell case and the cases and statutes cited therein, we hold there was a lawful arrest in this case before the glasses were taken from defendant and that there was no error in overruling the motion to suppress.

The three remaining assignments are as follows: "16. The Court erred in giving to the Jury, Instruction No. 1, for the reason that it did not embody all of the law of the case. 17. The verdict of the Jury was against the weight of the evidence. 18. The verdict of the Jury was such as to constitute cruel and unusual punishment."

■■ Assignment 17 is a matter for the trial court and preserves nothing for appellate review; and assignments 16 and 18 also are too general to comply with the requirements of Rule 27.20, V.A.M.R. See State v. Archer, Mo.Sup., 328 S.W.2d 661, 666; State v. Terry, Mo.Sup., 325 S.W.2d 1, 8; State v. Whitaker, Mo.Sup., 312 S.W.2d 34, 37. However, we note that Instruction 1 was an alibi instruction as complete and clear as those approved in State v. Williams, 309 Mo. 155, 274 S.W. 427, 435; State v. Hillebrand, 285 Mo. 290, 296, 225 S. W. 1006, and State v. Bonner, 259 Mo. 342, 348, 168 S.W. 591. We also note that the punishment assessed was mandatory under Sections 556.280 and 560.135 (in force at the time of the verdict and sentence) since the jury found prior felony convictions. State v. Eckenfels, Mo.Sup., 316

S.W.2d 532, 534. Therefore assignments 16, 17 and 18 are overruled. We have examined the record as required by Rule 28.02 and find no error respecting the sufficiency of the indictment, verdict, judgment and sentence.

The judgment is affirmed.

All concur.