**STATE of Missouri, Plaintiff-Respondent,**

v.

**Reginald Lewis CUMMINGS, Defendant-Appellant.**

**No. 53756.**

Supreme Court of Missouri, Division No. 1.

Oct. 13, 1969.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Henry H. Fox, Jr., Kansas City, for appellant.

WELBORN, Commissioner.

Appeal from six-year sentence on jury verdict finding appellant, Reginald Lewis Cummings, guilty of robbery in the first degree.

Beryl F. Emory was the lessee and operator of a Clark Service Station located at 4656 Prospect in Kansas City. He was alone in the back room of the station at around 3:00 P.M., January 2, 1967, preparing to make an after-hours bank deposit of receipts of the business. A man entered the room, tapped Emory on the shoulder and told him to get over to a

corner. The man pointed a black revolver at Emory, who followed the directions. The intruder began picking up the money from a desk and stuffing it in his pockets. He also took a sack of coins and the currency from Emory's billfold. He left after being in the office for about three minutes. After he had gone, Emory called the police. An inventory revealed that approximately $1,600 had been taken.

Cummings was arrested on January 6, 1967, on another charge. At a special showup at the Kansas City Police Department on that date, Emory identified Cummings as the robber. Emory repeated his identification at the trial.

Cummings testified that he was with his girl friend throughout the day on January 2, 1967 at the residence of his girl friend's sister. The girl friend and her sister corroborated the defendant's testimony.

■ No question of the sufficiency of the evidence is raised on this appeal. Appellant's first assignment of error is based upon the trial court's limitation of the cross-examination of the prosecuting witness. The complaint is based upon the trial court's sustaining objections to questioning of the witness about his receiving reimbursement from insurance for ten or twelve previous losses from "robbery." Also objected to is a ruling precluding further questioning of the witness about a requirement of his insurance coverage that he make a charge against some individual in order to obtain reimbursement. The motion for new trial makes no reference to the court's rulings on these matters. Therefore, the matters are not before us for review. In any event, the matters complained of are within the discretionary area of the trial court's authority. State v. Papin, Mo.Sup., 386 S.W.2d 355, 359 [2–5]; State v. McNew, Mo.Sup., 353 S.W.2d 571, 577 [6, 7]. No abuse of discretion warranting invocation of the plain error rule is demonstrated.

■ Appellant objects to the alibi instruction on the grounds that it places the burden of proof on that issue upon the defendant. He also objects to an instruction regarding joint responsibility for criminal activity. No such objections are raised in the motion for new trial, the only objection to instructions being that they "did not cover either the charge against the defendant or the evidence submitted by alibi witnesses on behalf of the defendant." This objection does not properly raise the objection here asserted. We note that the alibi instruction is in the form approved in State v. Hillebrand, 285 Mo. 290, 225 S.W. 1006, 1007 [2], and recently recommended in State v. Howe, Mo.Sup., 343 S.W.2d 73, 75 [4], and State v. Pruett, Mo.Sup., 342 S.W.2d 943, 945 [4, 5], so there is no occasion for invocation, under State v. Haygood, Mo.Sup., 411 S.W.2d 230, of the plain error rule (Criminal Rule 27.20(c), V.A.M.R.).

Finally, appellant contends that he was not provided counsel at a police line-up, in violation of his constitutional rights, citing United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Stovall limits the application of Wade and Gilbert to "confrontations for identification purposes conducted in the absence of counsel after this date" (June 12, 1967). The line-up here occurred on January 6, 1967. The "totality of the surrounding circumstances" in this case does not show an identification procedure which denied appellant due process of law, within the rule applicable to this case, under Stovall v. Denno, supra. See State v. Reeder, Mo. Sup., 436 S.W.2d 629, 631 [2]; State v. Moore, Mo.Sup., 435 S.W.2d 8, 13 [8], [9]; State v. Mentor, Mo.Sup., 433 S.W.2d 816; State v. Boswell, Mo.Sup., 433 S.W. 2d 556. Here the witness testified to his observation of the defendant during the three minutes that the defendant was in the room with him at the service station.

The witness testified that he was facing the defendant for at least one half of that time. The victim provided the police with a description of the person who took the money. The line-up identification of the defendant was based upon the defendant's facial features, appearance and general build. There is no evidence that the line-up was slanted toward the identification of the defendant. Three Negroes of approximately the same age of the defendant were involved.

The appellant argues that the line-up must have been improperly suggestive because the victim had previously tentatively identified a person other than the defendant as the robber. There was evidence that the victim did tentatively identify a person whose photograph was exhibited to him by policemen. However, the victim declined to make a positive identification until he could actually see the suspect and when he did see that person, in a special showup, he was unable to identify him as the robber. This does not show any unfairness in the procedures followed in the identification of the defendant. We are of the opinion that there was no showing that the identification procedure in this case was violative of the rights of the defendant.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., STORCKMAN, J., and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting when cause was submitted.