**STATE of Missouri, Respondent,**

v.

**Edgar Lee HOWE, Appellant.**

No. 49633.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1963.

No appearance for appellant.

Thomas F. Eagleton, Atty. Gen., Edward A. Glenn, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

WESTHUES, Judge.

This is a proceeding under S.Ct.Rule 27.-26, V.A.M.R., filed by the defendant Edgar Lee Howe in the Circuit Court of Jackson County, Missouri, to set aside a conviction of Howe on a charge of first degree robbery. The trial court entered an order wherein the court made a finding to the effect that "having examined the application of petitioner, and reviewed the files and record in said cause, finds that petitioner is entitled to no relief." Howe filed an application to appeal as a poor person which the trial court sustained. An appeal was taken to this court.

On this appeal, Howe filed a brief pro se and the State filed a brief.

As we shall see in the course of this opinion, the trial court's ruling was correct and should be affirmed. All of the matters complained of by Howe were either disposed of on his trial and on his appeal of his conviction or were matters of exception that cannot be raised in this proceeding.

The record shows that Howe was convicted in the Jackson County Circuit Court

on a charge of robbery first degree. The information alleged that Howe had previously been convicted of a felony. The trial court so found and after a jury had found Howe guilty, the court assessed a punishment of seven years in the penitentiary. On appeal to this court, the conviction was affirmed. See State v. Howe, Mo., 343 S.W. 2d 73.

■ We shall now dispose of the complaints made by Howe in his motion to vacate the judgment of conviction. In one complaint, Howe says that he was found guilty of first degree robbery and a jury assessed a punishment of five years, but that the trial court assessed a punishment of seven years' imprisonment and that this was not authorized. The record does not support Howe's complaint. The jury verdict did not mention any punishment. The court followed the procedure prescribed in Sec. 556.280, as amended Laws 1959, V.A.M.S. There is no merit in Howe's complaint. See 343 S.W.2d 73(1).

■ Complaint is made that the trial court did not have jurisdiction to place defendant on trial. The ground assigned is that he, Howe, was not extradited from the State of Kansas where he was found but that he was kidnapped and brought to Missouri. The record does not show this to have occurred, but suppose defendant had been brought to Missouri against his will and without extradition. That fact would not defeat the court's jurisdiction. Frisbie v. Collins, 342 U.S. 519, 1. c. 522–523, 72 S. Ct. 509, 1. c. 511, 512(4–6), 96 L.Ed. 541.

In the brief, Howe states that no charge was pending against him at the time he was kidnapped and brought to Missouri; that therefore the Frisbie case is not in point. The record does not show that no charge was pending against Howe when he was brought to Missouri. Furthermore, we are of the opinion that such fact would not deprive the court of jurisdiction.

■ The next point presented is that the State obtained evidence against Howe

when he was kidnapped which evidence was used against him at the trial. It is contended that this evidence was illegally obtained and therefore could not be used against him. In the brief, Howe claims that the United States Supreme Court, in the case of Mapp v. Ohio, 367 U.S. 643, 644, 81 S.Ct. 1684, 6 L.Ed.2d 1081, ruled that evidence illegally obtained should not be used against a defendant in a criminal case. That rule has been followed in Missouri, for many years and long before the Mapp case was decided. State v. Lock, 302 Mo. 400, 259 S.W. 116, 1. c. 128(13) (14); 22A C.J.S. Criminal Law § 657(5), p. 587. However, the proper procedure in such cases is to file a motion to suppress the illegally obtained evidence. The record does not disclose any motion to suppress. State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, 1. c. 887(14, 15); State v. Jackson, 336 Mo. 1069, 83 S.W.2d 87, 1. c. 91(3), 103 A.L.R. 339; 23A C.J.S. Criminal Law § 1060, Note 46, pp. 8 and 9.

■ Howe alleged further in his motion and briefed the contention that he was not afforded a speedy trial. The record shows that the alleged crime was committed on November 10, 1959. An information was filed on December 18, 1959; an amended information was filed on March 3, 1960. Howe was tried and convicted on March 8, 1960. There is no merit to this contention. See Secs. 545.890, 545.900, and 545.910, RSMo 1959, V.A.M.S.

■ In the suggestions filed in the Circuit Court in support of the motion to vacate, Howe stated that the information did not support the charge as proven at the trial in that the charge was that the money was taken from Harold G. Shelton and the evidence was that the money belonged to Hill Brothers Shoe Store. This complaint is not supported by the record. See 343 S.W.2d 74, where it is stated that "The State's evidence showed that on November 10, 1959, Harold Gene Shelton, in charge of Hill Brothers Shoe Store, in Kansas City, and Mrs. Teresa Tryon, cashier, were held up by a man with a gun, who had been in

the store earlier that evening and had bought a pair of shoes, but had come back shortly before closing time. The robber took their billfolds and the money from the cash register." It is evident that Howe has no legal ground for complaint.

The order of the trial court overruling the motion to vacate the judgment of conviction is hereby affirmed.

All of the Judges of the Division and HUNTER, Special Judge, concur.