**STATE of Missouri, Respondent,**

v.

**Donald Eugene DURHAM, Appellant.**

No. 50797.

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1965.

Thomas F. Eagleton, Atty. Gen., Thomas E. Eichhorst, Asst. Atty. Gen., Jefferson City, for respondent.

Weldon W. Moore, Rolla, for appellant.

EAGER, Judge.

Defendant was convicted of burglary and stealing in the Circuit Court of Phelps County; upon a finding of prior felonies he was sentenced to a term of eight years for the burglary and four years for the stealing, the terms to run consecutively. Upon appeal to this Court the judgment was affirmed. 367 S.W.2d 619. The facts

and circumstances surrounding the crime are set out in detail in that opinion. The present appeal is from an order of the Circuit Court denying a motion to vacate that judgment under our Rule 27.26, V.A.M.R., no evidence thereon having been heard. The defendant is represented here by counsel who has filed a brief and argued the case orally. Only one point is raised on this appeal, namely, that defendant's rights under the Fourth Amendment to the United States Constitution were violated by an illegal search of his automobile and the seizure of property therefrom, and that the trial court erred in overruling his motion to suppress that evidence. The facts are stated fully in our opinion on the original appeal, but we recite them very briefly here. Within less than twelve hours after the burglary in question, and on March 28, 1962, two Illinois Highway Patrolmen in a community near East St. Louis noticed a 1954 Plymouth being driven with its rear license plate partially obscured; they stopped the car and Trooper Morgan told the driver, one Hacker, that he was under arrest for improperly displaying the license plate. The officer at that time saw through the car window a new radio with a price-mark on it, and a display carton of new screwdrivers. These were on the back seat and, according to the officer, were out in the open. The driver showed his license and got out of the car; the officer asked him to open the trunk which he did. Nothing of any consequence was found there. The officer then asked the other two men, defendant and one Willis, to come to the rear of the car, so that the other officer could watch them. At that time the first officer searched the car, removing a blanket from a large "hump" of material on the floorboards behind the driver, the top of which was about on a level with the rear seat, and he also looked under the seat for "weapons." Under the blanket he found various power saws, drills, etc. These were the articles which defendant sought to exclude from evidence; they were all shown to be items taken in the burglary of the Newberg Lumber Company at New-

berg, Missouri, early that same morning. When Hacker opened the door of the car, a corner of the pile of tools under the blanket was exposed to the officer's view. Defendant, sitting on the right of the front seat, had shown the officer the registration of the car and had told him that he (the defendant) was the owner; this occurred after the arrest of Hacker but before the search of the car.

■ The officers had Hacker drive this car and the occupants to the police station, following theirs. On the way there, they saw defendant throw out some paper or "refuse"; at that time they stopped and arrested him for "littering" the highway. At the station the tools and radio were removed and marked; they were later turned over to Missouri officers. The testimony of defendant and his companions did not differ very materially from the foregoing, except that two of them testified that the radio was also covered, and one testified that Hacker had not yet been arrested when the car was searched. Defendant testified that he told the officer at the scene that he had bought the "stuff," that the officer asked him if he wanted to go to the station to check it, and that he said "sure"; also, that he was placed under some midemeanor charge during the brief investigation. It is obvious that the Circuit Court believed and relied upon the testimony of the Illinois Highway Patrolman; its ruling implied a finding that the search was reasonable and that it was incidental to a lawful arrest. We take judicial notice of our prior proceedings, including the transcript in defendant's original appeal. State v. Johnstone, Mo., 350 S.W.2d 774, cert. denied Johnstone v. Nash, 82 S.Ct. 1149, 369 U.S. 877, 8 L.Ed. 2d 280. This Court affirmed the trial court's ruling upon this point, as specifically raised in defendant's motion for new trial; cer-

tiorari to the United States Supreme Court was denied. 375 U.S. 861, 84 S.Ct. 130, 11 L.Ed.2d 89. Our Court, at 367 S.W.2d, loc. cit. 623, discussed the Illinois law governing searches and seizures, and held that the search here was valid since it was made in connection with and incidental to the lawful arrest of the operator of the automobile; also, that such a search may be made when reasonably necessary to insure the safety of the arresting officer, as the Trooper here said was the case. We note again that the officer testified that the search of the car was only made *after* the arrest of the operator. The validity of this search and seizure has now been adjudicated and the order overruling the motion to vacate will be affirmed for all the reasons stated in our prior opinion. Moreover, this is not such a matter as will support a collateral attack. State v. Worley, Mo., 383 S.W.2d 529; State v. Howe, Mo., 364 S.W. 2d 546, cert. denied 83 S.Ct. 1552, 373 U.S. 943, 10 L.Ed.2d 698.

■ Counsel states in his brief that the testimony of the Highway Patrolman was so "intrinsically improbable as to constitute no evidence at all * * *." The trial court did not so regard it, nor do we; but, be that as it may, the question has been fully and finally adjudicated *against* the defendant, and it may not be reopened now. It is unnecessary to discuss the authorities cited by counsel, and dealing with other facts and circumstances, when our identical question has thus been adjudicated.

We appreciate the position here of appointed counsel who has briefed, as well as might be done under the circumstances, the only point made by the defendant in his motion.

The order of the trial court is affirmed.

All of the Judges concur.