**STATE of Missouri, Respondent,**

v.

**Ralph Glen KACKLEY and Gaylord Robert Kackley, Appellants (four cases).**

**Nos. 50927–50930.**

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

Norman H. Anderson, Atty. Gen., Donald L. Randolph, Asst. Atty. Gen., Jefferson City, for respondent.

Taken as submitted by appellants.

HENLEY, Judge.

These are appeals in forma pauperis by defendants, prisoners in the custody of the Warden of the Missouri Penitentiary, from orders and judgments denying their joint motions to vacate and set aside prior sentences and judgments of conviction in each of four criminal cases. The allegations of the motion filed in each case are identical and identical orders were entered in each. The issues being the same, on motion of respondent, the four cases were consolidated for briefing and argument. Defendants were permitted to and did appear in this court in person and presented oral arguments in their own behalf. On consideration of the transcript of the record in each case, the brief of respondent and oral arguments we determine that one opinion will suffice to dispose of the issues in the four cases.

In each of four amended informations filed October 29, 1963, the defendants were jointly charged under the Habitual Criminal Act with convictions of prior felonies and

in separate counts with (1) forgery of a check, and (2) uttering a forged check.[1] On the same date, Count I (forgery) of each information was dismissed by the prosecuting attorney and each of the defendants admitted the prior convictions and entered a plea of guilty to each charge of uttering a forged check. The cases were numbered 9663, 9664, 9665 and 9666 in the trial court. In case No. 9663 Ralph Glen Kackley was sentenced to confinement in the custody of the State Department of Corrections for seven years; the sentence of Gaylord Robert Kackley was for a term of six years. In cases numbered 9664, 9665 and 9666, each defendant was sentenced to a like term as that imposed on him in Case No. 9663, the sentence in each to run concurrently with his sentences in the prior numbered cases.

■ Seven months later defendants filed their joint motions to vacate and set aside the above-mentioned sentences and judgments under and pursuant to Rule 27.26. (All references to rules are to Supreme Court Rules and V.A.M.R.) The orders and judgments of the trial court resulting in these appeals were made upon a review by it of the motions, files and records of the cases without hearing evidence, the court being satisfied from such review that the defendants were not entitled to the relief prayed. The procedure followed by the court was in accord with the provisions of Rule 27.26. State v. Kitchin, Mo., 300 S.W. 2d 420, 421 [2], certiorari denied, 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429.

This court reviews the matter de novo. Rule 28.05.

From the morass of entangled allegations of defendants' motions we have extracted these as the substance of their contentions in the trial court and here: that they were denied due process of law in that (1) after sentencing, their personal property was levied upon and sold under an execution for costs accrued in these cases, (2) each information was insufficient because it did not inform them of the nature of the charges against them and was duplicitous, and, (3) they were denied the assistance of counsel.

■ The allegation that defendants' property was levied upon and sold under an execution for costs does not state a ground for relief under Rule 27.26. Somewhat allied to this allegation is the contention that defendants' automobile and suitcases were searched and their property seized after their arrest and outside their presence without a search warrant. Perhaps the only justification for saying that the allegation and contention are somewhat allied is their close proximity within the motion although there is the rather vague suggestion that the sheriff had no right to seize the property under execution because he was not armed with a search warrant as well as the execution. There is no merit in the suggestion. It is not alleged or contended that evidence was seized by an illegal search and used against them. However, they do say, in which they describe as "Amendments to Appeal" forwarded to this court and lodged in the files since the appeal was perfected, that the articles taken from their automobile "were *to be* used as evidence." (Emphasis added.) But that would avail them nothing even had it been alleged in their motion to vacate for it is insufficient to raise any issue cognizable under Rule 27.26. Had evidence thus acquired been used against them, the proper procedure to challenge the validity of the method used to obtain that evidence is by a timely motion to suppress the evidence; not by a collateral attack on the judgment. State v. Howe, Mo., 364 S.W.2d 546, 547 [3], certiorari denied, 373 U.S. 943, 83 S.Ct. 1552, 10 L.Ed.2d 698.

■ The allegations of defendants' motions that the informations are insufficient and do not inform them of the

---

1. The four informations are identical with the exception of the dates, amounts, names of the makers and payees of the checks and the names of the persons defrauded; three are drawn on the same bank and one on another.

charges against them because they are "misleading, ambiguous and untruthful recital[s] of the facts" are conclusions and are insufficient to state grounds for relief under Rule 27.26. The motion must state facts sufficient to establish grounds for the relief contemplated by the rule; not mere conclusions. State v. Ninemires, Mo., 306 S.W. 2d 527, 530 [8]; State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 807 [5]. As to the charge that the informations were duplicitous the transcript of the record shows that each information was originally in two counts, the first count charging forgery and the second count charging uttering of a forged check. The prosecuting attorney dismissed the first count leaving the second count charging "uttering" only. There was no other charge in the second count, either compatible or incompatible with "uttering"; the information was not duplicitous. In reviewing the matter de novo we have examined carefully the information in each case and find that it contains all essential averments to charge an offense under Section 561.011 (3) RSMo 1959, V.A.M.S.

■ The final contention of defendants is that they were denied the assistance of counsel. They say that because of this and their alleged ignorance of court proceedings they were somehow taken advantage of by the court and the prosecuting attorney. This is not supported by the record which affirmatively refutes the contention. The cold record shows, and their appearance in this court confirms, that they were not ignorant of court proceedings nor of their rights, but that they have, through experience, acquired considerable practical knowledge of criminal procedure. The transcript contains a full account of what transpired on the date defendants entered pleas of guilty to these charges. The record shows that for their own reasons they did not want either their own employed counsel or court-appointed counsel to represent them. Their oral argument in this court indicated that their reason was that they were of the opinion they could do as well or better for

themselves without counsel. When the cases were first called, defendants appeared with counsel of their own selection who asked and were granted leave to withdraw for the stated reason that defendants were dissatisfied with their services. After a recess granted on defendants' request for time to talk with the prosecuting attorney, they indicated that they desired to plead guilty. But the court would not accept their pleas without first explaining to them and making certain they understood all their rights. The able and conscientious trial judge then took considerable time and meticulous care to explain to each defendant the nature of the charges against him and the range of the punishment provided therefor, that each had the right to employ other counsel and time in which to do so, and that the court was willing to and would appoint counsel to represent him and allow time in which to prepare his defense. It is apparent that defendants understood these explanations To each of the court's inquiries each defendant replied unequivocally that he did not desire to employ other counsel and that he did not want the court to appoint counsel. They said they were guilty and wanted to so plead, and indicated that the sooner they could get this over with, the better. The court found that the defendants intelligently waived their rights to the benefit of counsel, and that failure to appoint counsel under these circumstances would not result in an injustice to defendants. With this we agree. On this their final contention, they have again alleged only conclusions. It was aptly said in State v. Glenn, Mo., 317 S.W.2d 403, 408 [5, 4], "It was never contemplated by the adoption of Supreme Court Rule 27.26 that a prisoner in custody may allege in a motion, by way of conclusions which are directly in conflict with what is shown by the files and records, that he was so 'ignorant' at the time he entered his plea of guilty and expressly waived counsel that he did not know what he was doing, and thereby require the state to transport him from his place of confinement to the circuit court which imposed sentence in order to hold

a hearing on that issue", but he is required "to allege facts, as distinguished from conclusions, which if true would authorize a finding that he was not competent to waive intelligently his right to assistance of counsel."

Defendants' motions to vacate in cases numbered 9663, 9664, 9665 and 9666 in the trial court, considered in connection with the files and records of each case, show to the satisfaction of this court, as they did to the trial court, that defendants are entitled to no relief. Accordingly, the orders and judgments of the trial court in each of these cases are affirmed.

All concur.