**STATE of Missouri, Respondent,**

v.

**William K. KIESLING, Appellant.**

No. 51545.

Supreme Court of Missouri,
Division No. 1.

Feb. 14, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, James T. O'Brien, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Vincent Tyndall, Springfield, for appellant.

WELBORN, Commissioner.

William K. Kiesling appeals from a judgment and sentence of the Greene County Circuit Court imposing concurrent 2-year sentences on charges of burglary of premises occupied by Mulhollan Furniture Company and stealing therefrom a corporate seal. The sentences were entered upon a finding of guilt by the court at a jury-waived trial.

At approximately 1:45 a. m., December 23, 1964, Officer Hobson of the Springfield Police Department received a radio report that a man with a bleeding hand had exchanged a substantial amount of

change for bills at the Downtown Pancake House. Proceeding to that vicinity, the officer noticed appellant on the front steps of the YMCA, a block or two from the Pancake House. According to the officer, appellant's right hand was bandaged and in his left hand he was carrying an instrument which appeared to be a notary public seal. The officer called appellant to the police car and inquired about his activities. Appellant told the officer that he had injured his hand earlier in the evening in an automobile accident, but the officer did not consider the explanation credible. Appellant told the officer that he had exchanged change for bills at the Pancake House. He also told the officer that he had found the seal in a trash barrel. The officer then directed appellant to turn around and place his hands on the top of the police car. Appellant did so, placing the seal on top of the car. The officer began to search appellant and found a steel tape measure with the name of a furniture company on it and a letter opener. Appellant offered objection to the officer's action and the officer placed handcuffs on the appellant and continued the search, finding a billfold containing forty-four or forty-five dollars in currency. The officer told appellant to get into the police car, removed the seal from the police car top and took appellant to headquarters.

At approximately 3:20 a. m., another Springfield police officer found that the glass in the front door of the Mulhollan Furniture Store had been broken and that there was blood on the sidewalk. He called John Kelley, manager and vice-president of Mulhollan, to the scene. Mr. Kelley unlocked the door and entered the building. He found that the office had been ransacked and that some thirty-five or forty dollars were missing from the petty cash drawer and a container in which a lunch fund was kept. He also discovered the absence of the corporate seal. The seal taken by Officer Hobson from appellant was found to be the furniture company's corporate seal.

The next morning appellant admitted to Springfield police officers that he had broken the glass in the front door of the Mulhollan Furniture Store and entered the building through the resulting opening. He stated that he could find no money, but that he took a seal.

Appellant was charged in a single count information (§ 560.110, RSMo 1959, V.A.M.S.) with second degree burglary and stealing in connection therewith of the corporate seal. On behalf of appellant, a motion to suppress the use in evidence of the items taken at the time of his arrest was filed, alleging that such items had been taken from his person by means of an unlawful search and seizure, in violation of rights under § 15 of Article I of the Constitution of Missouri, 1945, V.A.M.S., and the Fourteenth Amendment to the Constitution of the United States. After a hearing at which appellant and Officer Hobson testified, the court overruled the motion to suppress. Again, when the case was called for trial, the motion to suppress was renewed and a preliminary hearing on that issue at which the officer again testified was held and the motion overruled.

■ Appellant has filed no brief on this appeal. We therefore look to his motion for new trial and consider matters there properly preserved for review. Criminal Rule 27.20, V.A.M.R. See also Criminal Rule 28.02, V.A.M.R. Appellant's three assignments of error in his motion for new trial are all related to his claim that the items taken from him by Officer Hobson were obtained by an unlawful search and seizure in violation of the above-mentioned constitutional provisions. He assails the action of the trial court in overruling his pre-trial motion to suppress, in overruling the same motion at trial and in failing to sustain his objection to the evidence and testimony relating to the objects taken from him by Officer Hobson.

The appellant's motion for new trial does not directly challenge the validity of his arrest. Presumably his allegation of vio-

lation of his constitutional protection against unreasonable search and seizure is premised on the theory that his arrest was illegal and he thereby seeks to avoid the application of the rule that a reasonable search without a warrant of the person of an individual lawfully arrested is not violative of constitutional provisions. State v. Brown, Mo.Sup., 386 S.W.2d 390; State v. Durham, Mo.Sup., 386 S.W.2d 360; State v. Schaffer, Mo.Sup., 383 S.W. 2d 698; State v. Napper, Mo., 381 S.W.2d 789; State v. Phelps, Mo.Sup., 384 S.W. 2d 616, 619 [2].

However, on the record here before us, there is no necessity for passing upon the validity of the arrest, or the constitutional question which appellant attempted to state in his motion for a new trial.

 Appellant made no objection to oral testimony at the trial concerning the tape measure, letter opener and currency found on his person (these objects were not physically placed in evidence). He therefore waived any objection based upon their seizure. State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, 886–887 [13]; State v. Egan, Mo.App., 272 S.W.2d 719, 722–723 [3–5]. Nor can he now assert error in admitting testimony concerning these objects. State v. Johnson, Mo.Sup., 347 S.W.2d 220, 223 [6]; State v. Edmonds, Mo.Sup., 347 S.W.2d 158, 163 [11–13].

The only objection at trial was to evidence pertaining to the corporate seal. The trial court could have found from the officer's testimony that such item was not the product of a search and seizure, but that the officer merely took it from the top of the police car after appellant had placed it there. Therefore, no search within the constitutional protection was involved. State v. Humphrey, 358 Mo. 904, 217 S.W.2d 551, 553 [6–9]; State v. Camper, Mo.Sup., 353 S.W.2d 676, 679 [5, 6]; State v. Campbell, Mo.Sup., 262 S.W.2d 5, 8 [8].

We find no error in the matters raised by appellant's motion for new trial. We have also examined the matters of record as Criminal Rules 28.02 and 28.08, V.A.M.R., require and find them sufficient.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.