STATE of Missouri, Respondent,

v.

Henry Eugene WEBB, Appellant.

No. 51524.

Supreme Court of Missouri,
Division No. 2.

March 14, 1966.

Norman H. Anderson, Atty. Gen., Gerald L. Birnbaum, Asst. Atty. Gen., Jefferson City, for respondent.

No attorney for appellant.

FINCH, Judge.

Defendant was charged with burglary, second degree, stealing, and with five prior felony convictions. He was found guilty by the jury of stealing property of the value of over $50.00 and the trial court found that he had been convicted of five prior felonies. He was sentenced to imprisonment for six years, and on appeal the judgment was affirmed. State v. Webb, Mo., 382 S.W.2d 601. The details of the evidence are recited in that opinion.

■ Subsequently defendant filed in the Circuit Court of the City of St. Louis a motion to vacate sentence and judgment pursuant to Rule 27.26 (all references to rules are to Supreme Court Rules and V.A.M.R.). Two grounds were asserted. First, it alleged that there was an unlawful search and seizure in obtaining articles from the home of defendant, which were then used as evidence against him, and second, that the information was insufficient to inform defendant of the nature of the charge against him. The claim seems to be that it charged possession of stolen property but not stealing. Defendant then asserts that neither the information nor the evidence will support the conviction of stealing property of the value of over $50.00. It is claimed that defendant's constitutional rights were thus infringed. The trial court overruled the motion to vacate sentence and judgment without a hearing, and this is an appeal from that order. We review the matter de novo. Rule 28.05.

■ It is clear that if the trial court is satisfied that defendant is entitled to no relief, he may overrule the motion to vacate the judgment and sentence upon a review of the motion, files and records without hearing evidence. State v. Kitchin, Mo., 300 S.W.2d 420, cert. den. 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429; State v. King, Mo., 380 S.W.2d 370, cert. den. 379 U.S. 979, 85 S.Ct. 681, 13 L.Ed.2d 569; State v. Kackley, Mo., 391 S.W.2d 350.

Defendant filed a motion to suppress in the trial court which sought to suppress as evidence certain bottles of whiskey, gin, vodka and beer and a black suitcase containing cartons of cigarettes, all of which were seized in the home of defendant in a search which followed immediately after his arrest in his home on the burglary and larceny charge. This fact is disclosed by the transcript filed herein and by a transcript of the hearing which was held on the motion to suppress evidence in the original case, which transcript was forwarded by defendant and lodged in the files of this proceeding.

■ This court has held on several occasions that a claim of illegal search and seizure is not such a matter as may be raised in a collateral attack upon a judgment of conviction. State v. Engberg, Mo., 391 S.W.2d 868; State v. Kackley, supra; State v. Durham, Mo., 386 S.W.2d 360; State v. Howe, Mo., 364 S.W.2d 546, cert. den. 373

U.S. 943, 83 S.Ct. 1552, 10 L.Ed.2d 698. The proper procedure is to raise this question in the trial court, preferably by motion to suppress, and that was done in this case. If defendant was dissatisfied with the ruling thereon, he should have raised the question on the appeal from his conviction. This he did not do. Actually, when the exhibits in question were offered in evidence, no objection thereto was made and counsel for defendant stated specifically that he had no objection thereto. We have ascertained this from the transcript on file in this court in his original appeal. We take judicial notice thereof. State v. Johnstone, Mo., 350 S.W.2d 774, cert. den. 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280; State v. Durham, supra. The question of the alleged illegal search and seizure is not preserved and it will not be reviewed under defendant's motion filed pursuant to Rule 27.26

We also rule against defendant's contention that the information was not sufficient to advise him of the charge of stealing and that the information and evidence did not support his conviction of stealing property of a value in excess of $50.00.

■ This court, on appeal from the judgment of conviction discussed the information and held it to be sufficient. 382 S.W.2d 601, 605. We have examined it again and reaffirm that conclusion. After charging defendant with prior convictions and with burglary, it charges defendant with feloniously and burglariously stealing certain described property with intent to deprive the owner of the use thereof and convert same to his own use. The property is described as 33 half pints of whiskey worth $33.00 and 4 cases of beer worth $8.00, the property of Thomas Lee Floyd, doing business as Floyd's Bar, and 41 cartons of cigarettes worth $112.70, the property of Guy Vending Company, Incorporated, in the care and custody of Thomas Lee Floyd, doing business as Floyd's Bar. This was a charge of stealing, not of possession of stolen property, as defendant asserts. The information contained all necessary allegations to comply with the statute and sufficiently conformed to informations previously held good by this court. State v. Woolsey, Mo., 324 S.W.2d 753; State v. Zammar, Mo., 305 S.W.2d 441; State v. Robinson, Mo., 325 S.W.2d 465; State v. Edmonds, Mo., 347 S.W.2d 158. Defendant also seems to complain that the information improperly combined charges of stealing from Floyd and stealing from Guy Vending Company, Incorporated, and that the language about the latter property being in the "care and custody" of Floyd was vague and insufficient. This contention also is without merit. One is guilty of stealing if he takes property from the person who has charge and control thereof. In the information the ownership may be charged to be either in the one rightfully in possession or the actual owner. State v. Nicoletti, 344 Mo. 86, 125 S.W.2d 33; State v. Nichols, Mo., 130 S.W.2d 485; State v. Flowers, 311 Mo. 510, 278 S.W. 1040; State v. Stinson, Mo., 379 S.W.2d 545. The information in this case alleged both the actual ownership and the constructive ownership of the one in possession and clearly advised defendant with what he was charged.

■ The opinion which affirmed defendant's conviction on appeal (382 S.W.2d 601) reviewed the evidence to determine if it would support the conviction and held it did. Defendant, by his motion under Rule 27.26, seeks a second review of that issue. We have ruled previously that a motion to vacate and set aside a judgment and sentence may not be used in lieu of an appeal to review trial errors or to question the sufficiency of the evidence to support a conviction. State v. Thompson, Mo., 324 S.W.2d 133.

The order of the trial court overruling the motion to vacate sentence and judgment is affirmed.

All of the Judges concur.