**STATE of Missouri, Respondent,**

**v.**

**Edgar HOLLAND, Appellant.**

**No. 52285.**

Supreme Court of Missouri, Division No. 2.

March 13, 1967.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Moody Mansur, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

For grounds under Criminal Rule 27.26, V.A.M.R., to secure the setting aside and

vacation of his 1945 conviction of first degree murder, and the life sentence thereunder, appellant urges: I.A.; The Missouri State Highway Patrol, in searching his home, violated the statutes of the state, the search and seizure of the various items obtained thereby and the evidence leading therefrom was unconstitutional and unreasonable; I.B., his conviction was substantially based upon admissions made while he was being held incommunicado and during a period of unreasonable delay in taking him before a judge under circumstances that were inherently coercive; and II, his constitutional protection against self-incrimination and his right to due process of law was violated by the prosecuting attorney's prejudicial argument to the jury in which he commented to the jury that appellant had not given "one word of testimony."

Upon wholly circumstantial evidence, appellant's conviction of murdering his wife was affirmed by this court. State v. Holland, 354 Mo. 527, 189 S.W.2d 989. A detailed account of the evidence may be there found. He was, at the preliminary hearings, the initial trial and on direct appeal, represented by able counsel. In this matter of post conviction remedy under said Criminal Rule 27.26, appellant was accorded a full hearing, and was personally present with counsel throughout the same. The motion was taken under advisement and later overruled, but the trial court did not make findings of fact and conclusions of law.

Briefly, the homicide was discovered when the bodies of two decapitated women were found floating near the Grand Glaize bridge in the Lake of the Ozarks on April 16 and 17, 1944. Both had been shot with a shotgun, and the right leg of the first woman found had been amputated. After difficulty and delay the victims were positively identified (the wife through her fingerprints) and appellant's arrest and charge for the murder of his wife was made.

Appellant's first contention that the search of his home and the seizure and use without his consent of certain evidence there found must be ruled against him. Although there was no search warrant issued, and the Missouri State Highway Patrol had not then the right or power of search or seizure in these circumstances (see § 8362, RSMo 1939, V.A.M.S.; State v. Jones, 358 Mo. 398, 214 S.W.2d 705, 707; State v. Smith, 357 Mo. 467, 209 S.W.2d 138), there was not one objection to the admission in evidence of the seized items in the 1945 trial. Counsel many times stated specifically no objection thereto. There was no motion to suppress any of the evidence now claimed to have been illegally seized; not one word was said about it in the motion for new trial. Obviously, from the reading of the original record, which we have before us, and the reported opinion, State v. Holland, supra, appellant's strategy was to attack the sufficiency of this wholly circumstantial evidence case to sustain his conviction. Appellant testified that he knew, prior to trial, that a search had been made of his premises, and certain items were taken by the officers. In State v. Webb, Mo., 400 S.W.2d 84, defendant did file a motion to suppress seized evidence, but no objection was interposed to its admission and the matter was not presented upon appeal. It was there said, loc. cit. 400 S.W.2d 85 [3, 4], "This court has held on several occasions that a claim of illegal search and seizure is not such a matter as may be raised in a collateral attack upon a judgment of conviction. State v. Engberg, Mo., 391 S.W.2d 868; State v. Kackley, supra [391 S.W.2d 350]; State v. Durham, Mo., 386 S.W.2d 360; State v. Howe, Mo., 364 S.W.2d 546, cert. den. 373 U.S. 943, 83 S.Ct. 1552, 10 L.Ed. 698. * * * The question of the alleged illegal search and seizure is not preserved and it will not be reviewed under defendant's motion filed pursuant to Rule 27.26." See comparable holdings under 28 U.S.C.A. § 2255, Cox v. United States (C.A. 8th Cir.), 351 F.2d 280; Kapsalis v. United

States (C.A.7), 345 F.2d 392, cert den. 382 U.S. 946, 86 S.Ct. 406, 15 L.Ed.2d 354.

■ The record does not show that appellant was *held* by the Highway Patrol incommunicado for an unreasonable time and that there was an unreasonable delay in taking him before a judge. Appellant's testimony in this hearing, which was for the trial court to believe or disbelieve, was that six officers came to his home after midnight, with machine or "Gatling" guns, loud-speakers and floodlights, grabbed him and took him to Jefferson City, Columbia and the Lake of the Ozarks region, continually questioning him. Captain Shaw testified in the original trial that the first trip made to appellant's farm home was on the morning of May 16, 1944, where he asked appellant if he would go with him to try to identify the bodies as those of Mrs. Holland and Mrs. Fairfax. Appellant said he thought he could and would be glad to go and assist them. He then changed his clothes and went with them. It is true that appellant made damaging statements and admissions during the next four days, and changed his stories with respect to certain details. Apparently he was not advised of his right to consult relatives, friends or a lawyer, to remain silent and that anything he said could be used against him. However, the original record is devoid of any evidence of coercion, promises or threats to obtain a confession. On the contrary, appellant was voluntarily aiding the officers to identify the bodies—it was he who suggested that physicians be called who had examined his wife and mother-in-law to help in such identification (and to whom he offered money to get him out of the hole or scrape). In any event, there was no issue of coercion of a confession, illegality of arrest and detention presented in the trial. See State v. Bryant, Mo., 375 S.W. 2d 122, 125, where it was said, "[T]here is an orderly procedure prior to and during trial by which to raise any problems arising out of an allegedly illegal arrest and detention."

■ Aside from the merits of appellant's charge that the statements made by him were under circumstances "inherently coercive," Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, settles his contention that he was denied assistance of counsel, advice as to his rights prior to interrogation, and other constitutional guarantees. It was there held that the principles of law announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were to be applied to cases tried after those cases were decided, June 22, 1964 and June 13, 1966, respectively. Appellant here was tried in 1945. Since Miranda and Escobedo have no retroactive application, appellant is entitled to no relief under his Point I.B., and it is overruled.

■ Appellant's last point is unmeritorious for two reasons: There was no objection or request for other relief to the argument of the assistant prosecuting official, "did he ever deny being there, no, not one word of testimony." The matter was therefore not preserved for direct appeal. Although the case of Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, holds that to permit a comment on a defendant's failure to testify is an unconstitutional infringement upon his right against self-incrimination, Johnson v. State of New Jersey, supra, loc.cit. 86 S.Ct. 1780, holds also that such principle is not to be applied retroactively. Point II is overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.