STATE of Missouri, Respondent,

v.

Larry Joseph BRADLEY, Appellant.

No. 57123.

Supreme Court of Missouri,
Division No. 2.

Oct. 9, 1972.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Robert L. Bruer, Springfield, for appellant.

STOCKARD, Commissioner.

■ Larry Joseph Bradley was charged by information with second degree burglary and stealing in conjunction therewith, and upon being found guilty by a jury of both offenses the jury assessed the punishment at imprisonment for two years for each offense, the sentences to run concurrently. Jurisdiction was in this court when the notice of appeal was filed, and pursuant to Art. V, Sec. 31, Constitution of

Missouri, V.A.M.S., it retains jurisdiction of the case until final disposition.

Appellant's first attack is directed to the sufficiency of the complaint upon which the Magistrate Court of Greene County issued the search warrant pursuant to which several of the items, alleged to have been stolen, were found in appellant's home and subsequently offered in evidence at the trial. The complaint stated the following:

Joe Jared and Charles Upp, being duly sworn, deposes and states that certain personal property, to-wit: two reels of 35 mm film, each 5–6 minutes long, one titled 'Scorpio 70' and the other 'Marital Fulfillment' (previews, not full length features); Copymate copying machine; light gray file folder box; tan two section file cabinet of the goods and chattels of Mini-Art Operating Company, dba Studio Theater has been heretofore unlawfully stolen, and that said property is now being held and kept at the following place in Greene County, Missouri, to-wit: unit # 17 of Colonial Apartment Lodge, 3591 W. Sunshine, Springfield and that facts personally known to complainant in support of this complaint are a reliable confidential informant told us on the evening of 2–9–71 that on Saturday 2–6–71 a woman cased the Studio Theater, 3833 S. Campbell, for Guy Bass, Jr., Jim Hayes, and Larry Bradley. On the night of 2–7–71, these three men burglarized the theater and took the above merchandise from the theater to Bradley's apartment, unit # 17, at the Colonial Apartment Lodge, 3501 W. Sunshine; at least some of the stolen articles were still in Bradley's apartment on 2–9–71. At 11:30 a. m., 2–8–71, Dick Bird, 1827 S. Maryland, manager of the Studio Theater, reported a burglary during the previous night, and the above listed items stolen.

This complaint was made pursuant to Criminal Rule 33.01, V.A.M.R. Appellant contends that it was issued without probable cause, because the facts therein set forth were not the information of those making the complaint, but were based on information from an unidentified informer. We hold this complaint to be sufficient.

The applicable part of Rule 33.01 provides: "(a) If a complaint in writing be filed with the judge or magistrate of any court having original jurisdiction to try criminal offenses stating that personal property (1) which has been stolen or embezzled, or (2) the seizure of which under search warrant is * * * authorized * * *, is being held or kept at any place * * * within the territorial jurisdiction of such judge or magistrate, and if such complaint be verified by the oath or affirmation of the complainant and states such facts positively and not upon information or belief; or if the same be supported by written affidavits verified by oath or affirmation stating evidential facts from which such judge or magistrate determines the existence of probable cause, then such judge or magistrate shall issue a search warrant * * * to search the place therein described and to seize and bring before such judge or magistrate the personal property therein described."

The facts stated in the complaint were not of the personal information of those making the complaint; therefore the complaint was made on "information or belief," and in order to justify the issuance of a search warrant the complaint had to meet the minimum requirements of the second portion of the Rule, which is that it "be supported by written affidavits verified by oath or affirmation stating evidential facts from which such judge or magistrate determines the existence of probable cause." In this case the evidentiary facts contemplated to be placed in supporting affidavits were included in the complaint. It is immaterial that a separate document was not used. The determinative issue is whether the supporting information contained evidential facts from which the magistrate could determine the existence of probable cause.

The complaint in this case describes the personal property that had been stolen, and it describes the place where it was being kept. It then sets forth the evidentiary facts from which probable cause could be determined; that is, that a reliable confidential informant had told the affiants that on February 6, 1971, a woman had cased the Studio Theater for three persons, and that on the following night those three persons, therein named, burglarized the theater and took the described merchandise from the theater to the apartment unit of Larry Bradley, and that some of the stolen articles were in the apartment on February 9, 1971. These facts were based on the personal knowledge of the confidential informant, and the fact alone that the source of the facts came from an undisclosed informant does not defeat the issuance of a warrant.

It is true that as to those making the complaint, the facts were hearsay, but a warrant may issue upon hearsay if the affiant sets forth the source, validity, and reliability of his information. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. See, also, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327. The question of what constituted a sufficient statement in a complaint was considered in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. There the court announced the standard as follows: "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, * * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [things to be searched for] were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant whose identity need not be disclosed * * * was 'credible' or his information 'reliable.'" See also, Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

The magistrate was entitled to make "a common-sense reading" of the entire complaint, Spinelli v. United States, supra, 393 U.S. 1. c. 415, 89 S.Ct. 1. c. 588, and in doing so it was reasonably certain to the magistrate that the undisclosed informant spoke with personal knowledge of the facts related to the complainants. Also, by the statement of those facts the magistrate was informed of the circumstances from which the informant concluded that the items to be searched for were in appellant's home, and that his conclusion was not based on mere speculation or unfounded belief. The recitation of those circumstances, and the statement of the affiants of the reliability of the informant, demonstrated the basis upon which the affiants concluded that the informant was reliable and credible. Probable cause exists where "the facts and circumstances within their [the officers'] knowledge, and of which they had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution in the belief" that an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790. This is the same probable cause which will justify the issuance of a warrant. The rule of probable cause must be practical and nontechnical; not one in which mere form or the use of certain "magic words" are paramount in importance. To require more than contained in this complaint would unduly hamper law enforcement, Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, and would result in a denial to the magistrate to act and rule as a reasonable man when confronted with evidentiary facts equivalent to those in this case.

Appellant next asserts that there was insufficient evidence to show a "breaking and entering."

The building burglarized was a theater. The manager testified that he left the theater about 2:00 o'clock in the morning of February 7, 1971, and that he locked the two doors. At that time there was no one

in the theater. When he returned about 10:00 o'clock of the morning of February 8, he found "quite a few things out of place and things pulled off the shelves and thrown on the floor and several items missing." There was no evidence that either of the two doors had been forced open or that the locks had been tampered with. Also, the windows "at the doors" had not been broken. However, in the lobby a lock on the container for cigarettes and candy was broken.

■ This evidence authorized a finding that someone had entered the locked and closed theater without permission and had stolen certain items. The force to constitute a "breaking" in second degree burglary need not be more than the mere pushing open of a door which is shut. State v. Rhodes, Mo., 408 S.W.2d 68, 70. In this case the evidence authorized a finding that a closed and locked door was opened, and that a breaking and entry occurred. See State v. Young, 345 Mo. 407, 133 S.W.2d 404, for a somewhat comparable situation. An inference that appellant was the one who broke and entered the theater was permissible by reason of his recent and unexplained possession of the property which had been stolen from the theater during the burglary. State v. Clark, Mo., 438 S.W.2d 277, 279; State v. Durham, Mo., 367 S.W.2d 619, certiorari denied 375 U.S. 861, 84 S.Ct. 130, 11 L. Ed.2d 89.

Appellant's last point is that there was no proof of ownership of the property which was stolen.

The information charged appellant with stealing the property of Mini Art Operating Company, Inc. This company operated the Studio Theater which was burglarized and from which the property found in appellant's apartment was stolen. The property stolen consisted of two file cabinets, a copy machine, a view finder, and two reels of film. The manager of the theater identified the items as property taken from the theater at the time of the burglary. In other words, he identified the stolen property as being present at the theater and under the control of the theater management, and he stated that appellant had no permission to remove the property from the theater.

■ "One is guilty of stealing if he takes property from the person who has charge and control thereof," State v. Webb, Mo., 400 S.W.2d 84, 86, and the ownership may be charged to be either in the one rightfully in possession or the actual owner. State v. Nicoletti, 344 Mo. 86, 125 S.W.2d 33; State v. Webb, supra. The necessary ownership, as any other fact, may be established by circumstantial evidence. Here, the testimony of the manager of the theater as to the nature of the property and its presence in the theater prior to the burglary authorized a finding by the jury that the property was in the custody and control of the company alleged in the information, and submitted in the instruction, as the owner.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.