**STATE of Missouri, Plaintiff-Respondent,**

v.

**Eddie Bruce PIKE, Defendant-Appellant.**

**No. 35652.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 26, 1974.

Graham W. LaBeaume, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Donald R. Bird, Asst. Attys. Gen., Jefferson City, Brendan Ryan, David P. McDonald, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction for second degree murder by a jury and sentence of 30 years in accord with the verdict.

Defendant was sixteen years of age at the time of the offense. The victim was an eighteen year old girl who was bludgeoned to death with a baseball bat. Defendant, in his testimony at trial, admitted beating the victim to death but testified that he did so while under threat of death by an armed unknown man who ordered him to do so. Substantial evidence was adduced to support a defense of mental disease or defect excluding responsibility.

Defendant premises error in two respects i. e.: (1) admission into evidence of his signed confession and (2) the failure of the trial court to give, upon his request, an instruction that upon a finding of not guilty because of mental disease or defect defendant would be committed and retained in accord with the provisions of Sec. 552.-040(1). We deal with these in turn.

As previously stated, defendant was a juvenile at the time of the crime and at the time of his arrest. After apprehension he was immediately conveyed to Juvenile Court. Thereafter, with the consent of a juvenile officer he was questioned by members of the St. Louis Police Department. The juvenile officer, defendant's parents, and a brother-in-law were present at the time of questioning. Defendant was given certain warnings including:

"2. Any statement that I make will be used against me.

3. Should the Juvenile Court find that I have committed the offense I am alleged to have committed, the Court may, among other things, send me to a correctional school, place me in a public or private institution, place me with another guardian, or supervise me on probation for an indefinite period of time."

Thereafter, defendant made a confession in which he stated that he had been drinking heavily, invited the victim into his home, had voluntary sexual intercourse with her after which she made a statement which defendant considered derogatory whereupon he beat her with a baseball bat and dragged her body from the living room into the kitchen.

■ On the same day that this original confession was made, defendant was questioned again and his second, similar confession was recorded by a court stenographer. On this second occasion defendant and his family were for the first time advised that defendant could be certified for trial as an adult. The State concedes that no warning of possible certification was made before the first confession. Only the first confession was offered into evidence and in view of Westover v. United States, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966) and United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947) the warnings given before the second confession could not validate either confession.

■ On October 14, 1974, the Supreme Court of this state handed down a trilogy of decisions dealing with confessions of juveniles in custody. See State v. Rone, 515 S.W.2d 438, State v. Wright, 515 S.W. 2d 421, State v. McMillian, 514 S.W.2d 528.

The rule to be applied is stated in State v. Wright, *supra*, as:

" . . . [If], after he has been granted his federal constitutional Fifth and Sixth Amendment rights, a juvenile subject to jurisdiction of the juvenile court makes a voluntary statement to someone other than a juvenile officer or other juvenile court personnel, and if it is made clear to the juvenile that criminal responsibility can result from any statement he makes and that the questioning authorities are operating as his adver-

saries rather than his friends, such statements are admissible in evidence against the juvenile in a criminal trial." (l.c. 430.

That disposes of defendant's contention that no statement made while in custody of the Juvenile Court can be used against the juvenile in a criminal case under any circumstances.

■ Defendant's second attack on the confession is that since no warning was given prior to the confession regarding possible certification the confession was not voluntary. In State v. McMillian, *supra,* the Supreme Court reversed a conviction because the juvenile was not informed that his statements could and would be used in a criminal trial under the general law. We are unable to find any differences between the warnings in McMillian and those given in this case. In both, the explanation was limited to what the juvenile court could do with the juvenile on charges in the juvenile court and made no reference to proceedings under the general law. It was error to deny defendant's motion to suppress the confession.

■ The State concedes that the court would be obliged to give a "commitment" instruction if the defense of mental disease or defect were established. The State contends, however, that the evidence did not establish such defense. Apparently the trial court thought it did for it gave an instruction on the defense. We have carefully examined the record and find sufficient evidence to make the defense a jury issue. The State's position is premised (1) upon the legal conclusion of one of defendant's medical witnesses that Section 552.-010 RSMo 1969, V.A.M.S., requires the presence of "psychosis" in the defendant to establish mental disease or defect and (2) upon the absence of evidence of any psychosis. This premise is incorrect. The definition of mental disease or defect is any "congenital or traumatic mental condition" with certain enumerated exceptions. It is not limited to psychosis. See State v. Montague, 510 S.W.2d 776 (Mo.App.1974)

[2]. If this mental condition causes the defendant to be unable to appreciate the nature, quality or wrongfulness of his conduct or makes him unable to conform his conduct to the requirements of the law, he is not responsible for his criminal conduct under Sec. 552.030, RSMo 1969, V.A.M.S. Upon defendant's request for a "commitment" instruction it was mandatory for the Court to give one. Sec. 552.030(7) RSMo 1969, V.A.M.S.

The judgment is reversed and the cause remanded for new trial.

KELLY and STEWART, JJ., concur.