STATE of Missouri,
Plaintiff-Respondent,

v.

Leadell WALTON, Defendant-Appellant.

No. 38784.

Missouri Court of Appeals,
St. Louis District,
Division Four.

April 25, 1978.

Huck, Kasten & LaBeaume, Graham W. LaBeaume, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Defendant was found guilty by a jury of two counts of assault with intent to kill with malice aforethought and sentenced to twenty-five years' imprisonment on each count, the sentences to be served consecutively. He appeals. We affirm.

Defendant raises two issues on appeal. He charges that the trial court erred in overruling: (1) his motion to suppress evidence obtained in the search and seizure of his automobile, and (2) his motion to suppress his confession. He does not question the sufficiency of the evidence.

On July 18, 1975 the New Age Federal Savings and Loan Association at 1401 North Kingshighway, St. Louis, Missouri was robbed. During the course of the robbery a security guard and a New Age employee were shot by one of the robbers. On July 21, 1975, an informant told Captain Troupe of the St. Louis Metropolitan Police Force that two of the robbers, including Leadell Walton, the defendant, could be found in front of 7915 Cool Valley Drive seated in a dark brown Chrysler automobile with a white top. Captain Troupe testified that he had known the informant for thirty years and that during that time the informant had given him information concerning other crimes which proved to be substantially correct when it was checked out and always resulted in convictions. A photo identification of defendant as one of the robbers had also been made by a New Age employee before the tip was received from the informant.

St. Louis police officers requested assistance from Normandy police, Normandy being the St. Louis County municipality where the Cool Valley address is located. Two Normandy officers, arriving first at the address, saw the Chrysler automobile and one of the suspects alighting from it as they approached in their unmarked police car. The other suspect was standing near the Chrysler and as the police car approached closer, the defendant and his companion fled the scene, each going in a different direction. An unsuccessful pursuit by one of the Normandy officers followed. The St. Louis police then arrived. They found the Chrysler unlocked and with no key in the ignition.

The St. Louis police searched the car. No search warrant had been issued. An application for a title for the car, the sales contract for the car and a safety inspection certificate were seized from the glove compartment. New clothing was seized from the trunk. The car was photographed and fingerprints were taken from the interior.

The search of the Chrysler automobile took place on July 21, 1975 but the defendant was not apprehended until August 11, 1975. The day after the arrest, defendant was taken from the hold-over to the homicide division offices by a St. Louis police officer who testified that on the way he had a general conversation with defendant for about two minutes. During the conversation, defendant remarked that he did not understand why he was being charged with two counts of assault, to which the officer responded, "I will explain the whole thing to you later," or words of that general meaning. After this exchange, the officer went to get a cup of coffee for the defendant. He returned almost immediately with two F.B.I. agents. Defendant was then given a written statement of his constitutional rights which he read aloud. The paper from which he read the rights contained a waiver of those rights which defendant signed. He then confessed to participation in the robbery of the New Age Federal Savings and Loan Association.

Defendant first asserts that the trial court erred in overruling his motion to suppress evidence obtained in the search and seizure of his automobile because the search was made without a warrant or other lawful authority, was not incidental to an arrest and neither defendant nor a third party consented to the search and seizure. He also contends that there was no showing that the police could not have obtained a search warrant. We rule against defendant on this point.

The state claims that defendant has failed to preserve this point for appellate review because he did not object to testimony concerning the items taken from the automobile at the time they were identified and described by witnesses. However, defendant at the beginning of each witness' testimony concerning the seized items renewed his motion to suppress and objected to the witness' testimony. He was overruled each time by the trial court. Although he did not object specifically as each item was identified, he objected to the formal introduction of all the items and was overruled.

The case cited by the state to support its contention that the error was not preserved for review, *State v. Kiesling*, 399 S.W.2d 63 (Mo.1966), is distinguishable. In *Kiesling*, the appellant made no objection of any kind to the testimony in question. The alleged error here was preserved by means of the renewal of the motion to suppress, the general objection of the defendant to the testimony of the witnesses and his objection to the formal introduction of the items.

Even so, it was not error for the trial court to overrule defendant's motion to suppress. The warrantless search of the automobile falls within the recognized exceptions to the Fourth Amendment's prohibition against unreasonable searches and seizures. In reviewing a warrantless search and seizure to determine its reasonableness, courts take into consideration "the totality of the circumstances" [*State v. McGee*, 473 S.W.2d 686, 687 (Mo.1971)] and the "concrete factual context". *Kansas City v. Butters*, 507 S.W.2d 49, 52 (Mo.App.1974). Mere suspicion that the contents of an automobile offend against the law is not sufficient basis for conducting a warrantless search. There must be belief rising to the level of probable cause. *State v. Hornbeck*, 492 S.W.2d 802 (Mo.1973).

The "totality of circumstances" here included probable cause based on the state's reliable information that appellant had committed an armed robbery and was carrying a weapon. There was probable cause to believe that the contents of the automobile offended against the law. Defendant's flight from the automobile when the police approached gave reasonable cause to believe the automobile contained weapons or evidence relevant to the crime. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *State v. Edmonds*, 462 S.W.2d 782 (Mo.1971); *State v. Hornbeck, supra; State v. Cromwell*, 509 S.W.2d 144 (Mo.App.1974).

The cases relied upon by the defendant to support his position are not apposite. The search of a residence, not an automobile, after the arrest of the renter-occupant is the subject of the appeal in *State v. Peterson*, 525 S.W.2d 599 (Mo.App.1975). Other cases cited by defendant are also distinguishable on the facts. In *State v. Achter*, 512 S.W.2d 894 (Mo.App.1974), the court found no violation of defendant's Fourth Amendment rights and held his motion to suppress was properly overruled. The court, at page 902, further held that the right to search is dependent on " 'the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' " [Citing *Carroll v. U. S.*, 267 U.S. 132, 158–159, 45 S.Ct. 280, 69 L.Ed. 543 (1925)]. The defendant, who owned the automobile, had been identified as one who had robbed the New Age Federal Savings and Loan Association. He fled from the scene of the contested search. There was reasonable cause to believe the contents of the automobile offended against the law. A warrantless search was justified considering "the totality of the circumstances."

Defendant next assigns as error the trial court's overruling of his motion to suppress his confession. This point is also ruled against defendant.

Defendant argues that a preliminary conversation between a police officer and himself "tainted" his subsequent confession and made it inadmissible.

The evidence in the hearing on the motion to suppress showed only that the police officer had some general conversation with the defendant as he was escorting him from

the hold-over to the office where the later interrogation took place. The exact text of the conversation was not recalled by the officer but he denied any actual questioning of the defendant. During the conversation defendant volunteered that he did not understand why he was being charged with two counts of assault and was told by the officer that the whole thing would be explained to him later. There was no evidence of any actual interrogation concerning the crime prior to the time defendant read and signed a waiver of his rights before making his confession.

There is no question of two confessions by defendant as there was in *United States v. Bayer*, 331 U.S. 532, 540, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947) cited by defendant. Moreover, in *Bayer*, the second confession was held admissible because it was voluntarily given six months after the first statement after fair warning that it might be used against defendant.

Defendant also cites *State v. Pike*, 516 S.W.2d 505 (Mo.App.1974), a juvenile case where there were two confessions, the first made before the juvenile was adequately warned that he might be certified to stand trial as an adult. The facts in *Pike* are dissimilar and lend no support to defendant's position.

Other cases in which a confession was held to be admissible when made after a defendant had responded to police questions before being given a constitutional warning are *State v. Wright*, 515 S.W.2d 421 (Mo. banc 1974) and *State v. Boykins*, 399 S.W.2d 70 (Mo.1966).

Defendant freely and spontaneously asked about one of the charges against him. Nothing he said could be construed as an incriminating statement or as an admission of guilt. His remarks were not made in response to interrogation. In no way did the prior conversation taint defendant's confession made after he read his rights aloud and signed a waiver of those rights.

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.